# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:10-CR-00178-AWI** |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT DIAZ'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| **DANIEL DIAZ,** | |
| Defendant. | (Doc. No. 71) |

## I. Background

Joseph Anderson was a driver for the United States Postal Service. One day in 2009 while Anderson was stopped at a stop sign, Daniel Diaz entered the cab of Anderson's postal truck, pointed what appeared to be a gun at Anderson, and forced Anderson to drive to a nearby abandoned hospital. Diaz then ordered Anderson to tie himself up with zip ties and a string, which Anderson did. Diaz then told Anderson, "Now you cooperate with me, if you don't I will have to kill you." Doc. No. 63 at 5 (plea agreement memorandum). Diaz then used Anderson's keys to open the rear compartment of the truck and stole approximately seven mail bags, which included cash and checks. Eventually, an accomplice of Diaz arrived at the scene in a vehicle, and Diaz and the accomplice left the scene with Anderson still bound. Anderson was able to free himself and go for help.

Diaz was arrested and indicted for the kidnapping and robbery, and he eventually entered a guilty plea for the Class B felony of aggravated robbery of mail, money, or other property of the United States, and aiding and abetting. See 18 U.S.C. §§ 2, 2114(a). The Court adjudicated Diaz guilty of those offenses and sentenced Diaz to prison for a term of 84 months. Additionally, the

Court sentenced Diaz to be on supervised release for a term of 60 months following his release from prison.

Diaz completed his prison term and commenced his supervised release on June 6, 2016. This means that, to date, Diaz has completed approximately 38 months or 63 percent of his 60-month supervised release term. Diaz moves the Court to terminate the remainder of his supervised release term. See Doc. No. 71.

## II.  Defendant's Motion

In moving the Court to terminate the remainder of his supervised release term, Diaz tells the Court that since he has been release from prison, Diaz (1) has "never given [his probation officer] any trouble of any kind"; (2) has "never failed a drug test"; (3) has paid his restitution on time; (4) has family support; (5) has a job that pays well and will allow him to pay back his restitution even faster; (6) is no longer the same person as when he committed the robbery; and (7) has no desire to return to prison.

The Office of the United States Probation and Pretrial Services ("Probation Office") opposes Diaz's motion. See Doc. No. 72. The Probation Office does not refute any of Diaz's foregoing assertions and, in fact, the Probation Office agrees that Diaz has been employed through his term of supervised release and has not violated the conditions of his supervised release. But the Probation Office argues that early termination of Diaz's supervised release at this time is inappropriate in light of the violent crime that Diaz committed. The United States Attorney's Office also opposes Diaz's motion, agreeing with the Probation Office that early termination of supervised release is not appropriate in light of Diaz's underlying violent crime. See Doc. No. 74.

## III.  Discussion

A district court may grant early termination of supervised release at any time after the expiration of one year of supervised release if, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e)(1). The subset

of the sentencing factors to be considered are as follows: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (6) pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).

"It is defendant's burden to establish that [the defendant] is entitled to the rarely-granted remedy of early termination of supervised release. This is usually accomplished by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." United States v. Emmett, 749 F.3d 817, 824 (9th Cir. 2014). In ruling on the defendant's motion for early termination of supervised release, the district court "need not give an elaborate explanation of its reasons for accepting or rejecting [the movant's] arguments," and the district court "need not tick off each of the relevant § 3553(a) factors to show that it considered them." Id. at 821-22 (citations omitted). "The record as a whole must, however, contain an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." Id. (citations omitted).

Here, after considering the § 3553(a) factors identified above and Diaz's arguments, the Court concludes that early termination of Diaz's supervised release is not warranted. Of note, the Court agrees with the Probation Office that the nature and circumstances of Diaz's violent crime — i.e., apprehending a postal worker at what appeared to the postal worker to be gunpoint, threatening to kill the postal worker, stealing from the postal worker's cargo, and then leaving the postal worker bound at the scene — warrant against early termination of supervised release,

3

especially since at this time Diaz has only served approximately 63 percent of his 60-month term of supervised release.  Therefore, the Court will deny Diaz's motion.

**ORDER**

Accordingly, Diaz's motion for early termination of supervised release (Doc. No. 71) is DENIED.

IT IS SO ORDERED.

Dated:   July 26, 2019                              _____
                                                                            SENIOR DISTRICT JUDGE

5